

Opinions of the United
States Court of Appeals
for the Third Circuit

10-21-2009

# USA v. Carl Anthony Knight

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-1477

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Carl Anthony Knight" (2009). *2009 Decisions.* Paper 402.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/402

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-006                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-1477
_____

UNITED STATES OF AMERICA

v.

CARL ANTHONY KNIGHT,
Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Crim. No. 98-CR-00003)
District Judge Maurice B. Cohill, Jr.

_____

Submitted on a Motion for
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6

October 9, 2009

Before: FUENTES, JORDAN and HARDIMAN, Circuit Judges

Opinion filed : October 21, 2009

_____

OPINION
_____

PER CURIAM

    Carl Anthony Knight appeals from an order of the United States District Court for

the Western District of Pennsylvania, which denied his motion for reduction of sentence,

filed pursuant to 18 U.S.C. § 3582(c)(2). Because no substantial question is presented by the appeal, we will grant Appellee's motion for summary action, and will affirm the District Court's judgment.

Knight's motions and supplements in the District Court argued that his sentence should be reduced due to Amendment 706 to the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"), which concerns sentencing for convictions involving crack cocaine. He also argued that on resentencing, the District Court should consider the Guidelines to be advisory, pursuant to United States v. Booker, 543 U.S. 220 (2005). The District Court determined that it lacked jurisdiction to reduce Knight's sentence, as Amendment 706 would not lower Knight's sentencing range. The District Court also rejected Knight's argument that on resentencing it would have discretion to impose a sentence that varied from the Guidelines range, and noted that even if it had such discretion, it would not exercise it to reduce Knight's sentence.

The District Court properly found that it lacked jurisdiction to reduce Knight's sentence. Normally, a court may not modify a term of imprisonment once it is imposed. However, 18 U.S.C. § 3582(c)(2) creates a limited exception, noting that a court may reduce a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable

2

policy statements issued by the Sentencing Commission." The District Court properly held, citing U.S.S.G. § 1B1.10(a)(2)(B), that section 3582(c)(2) only applies if an applicable amendment lowers a defendant's sentencing range. Dist. Ct. Op., dkt. #211 at 2-3; see also United States v. Mateo, 560 F.3d 152, 154 (3d Cir. 2009). As the District Court noted, at the time Knight was sentenced, an offense involving greater than 1.5 kilograms of cocaine base (the highest amount listed in the Drug Quantity Table at the time) would be assigned a base offense level of 38. U.S.S.G. § 2D1.1(c) (1998). After amendment, an offense involving at least 1.5 kilograms but less than 4.5 kilograms of cocaine base is assigned a base offense level of 36, but an offense involving 4.5 kilograms or more of cocaine base is assigned level 38. U.S.S.G. § 2D1.1(c) (2008). As Knight's offense involved over 4.5 kilograms of cocaine base, the base offense level (and the resulting final adjusted offense level) would not change.[1]

Knight argues that the only drug quantity the District Court should have considered is the 1.8 kilograms of cocaine base, referenced in paragraph 30 of his presentence report (PSR), which was the amount seized on the day of his arrest. He notes that the Guidelines calculation portion of the PSR states that the drug quantity was "in excess of 1.5 kilograms of cocaine base," see PSR ¶ 38, and then appears to conclude that this

_____

[1] Knight does not appear to dispute the District Court's calculations, see Dist. Ct. Op. at 4, that after adjustments, the final offense level would remain 43. Instead, Knight disputes the District Court's characterization of the drug quantity involved, and argues that the District Court should consider the Guidelines advisory on resentencing.

3

paragraph must refer only to the 1.8 kilogram amount referenced in paragraph 30. However, the PSR also notes that Knight "was responsible for the distribution of at least three kilograms of cocaine base a month in Erie." PSR § 41. Indeed, in an appeal after a remand for further consideration based on Apprendi v. New Jersey, 530 U.S. 466 (2000), we stated that "the jury [that convicted Knight] credited testimony from coconspirators including evidence that Knight bought approximately 2 kilograms of cocaine base for between $21,000 to $25,000 per kilogram every ten days" over the course of the conspiracy.[2] United States v. Knight, C.A. No. 99-3667, 50 Fed. Appx. 565, 568, 2002 WL 31429873 (3d Cir. Oct. 31, 2002). Because Knight's offense clearly involved over 4.5 kilograms of cocaine base, Amendment 706 did not change his sentencing range. The District Court thus properly held that it lacked jurisdiction to reduce Knight's sentence.[3]

For the foregoing reasons, we will grant the Government's motion and summarily affirm the District Court's judgment.[4]

---

[2] The superceding indictment charged a conspiracy taking place between January 1993 and November 14, 1997. PSR ¶ 6.

[3] As the District Court lacked jurisdiction to consider Knight's motion, his argument regarding the application of Booker is moot. We note, however, that even if the District Court could have considered a reduction of sentence, our decision in United States v. Dillon, 572 F.3d 146 (3d Cir. 2009) forecloses Knight's argument that Booker would apply to render the Guidelines advisory on resentencing. Dillon, 572 F.3d at 149.

[4] Knight's motion to supplement the record is denied. We note that the material he submits was not before the District Court, and it is further irrelevant to the question of whether the District Court had jurisdiction to consider Knight's motion for a reduction of sentence.

4